UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60512-CIV-COHN/SELTZER

CAROL LYNNE EILBERG LEVY,

    Plaintiff,

v.

KAHUNA BAR & GRILL & ASSOCIATES,
MELISSA LNU (Owner), TODD LNU (Manager),
and AMANDA LNU (Bartender),

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Carol Lynne Eilberg Levy's *pro se* Complaint [DE 1] ("Complaint") and Application to Proceed Without Prepaying Fees or Costs [DE 3] ("Application"). The Court has considered the Complaint and the Application, and is otherwise fully advised in the premises.

The Complaint in this action alleges "terrorism, harassment & genocide of a race," and then lists twenty-one names, including some apparent relatives of Plaintiff. The only other allegation states: "charge is genocide of a race, involuntary deviant medical procedures, extortion, encroachment, violation of all human rights, e.g. breast cancer, diabetes, Alzheimers, heart disease, autism, cancer leukemia, mental illness, et. al." These are the only statements in the Complaint.

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . .

>	(B)	the action or appeal--
>		(i)	is frivolous or malicious;
>		(ii)	fails to state a claim on which relief may be granted; or
>		(iii)	seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").  At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff.  Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

---

[1] "Section 1915(e) applies to all [*in forma pauperis*] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories." Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

Civ. P. 8(a)(2).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.  In this case, Plaintiff has failed to set forth facts which show that she is entitled to relief.  There is no description of the Defendants' acts which Plaintiff believes give rise to a recognized cause of action under federal law. Rather, the Complaint as filed is conclusory and must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint [DE 1] is **DISMISSED**;

2. The Application to Proceed Without Prepaying Fees or Costs [DE 3] is **DENIED as moot**;

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of April, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:

Carol Lynne Eilberg Levy
1698 Blount Road
Pompano Beach, FL 33069